DETERMINED IN THE

# FIFTH DEPARTMENT

AT

## GENERAL TERM

### October, 1891.

---

## EDWARD MICHAEL AND ANOTHER, APPELLANTS, v. ANNA M. ELEY, RESPONDENT.

*Principal and agent — a limited authority to sell real estate — a substantial deviation from oral instructions — one who deals with an agent of limited authority is put on inquiry.*

A special employment to effect a sale does not confer upon the agent authority to agree with the purchaser upon any possible, or even reasonable, terms which the agent may prescribe and the purchaser accept.

Where agents have merely authority to sell, and the purchaser knows of the extent of their authority, and a contract is entered into which deviates materially from oral instructions given by the owner to the agents as to the manner in which payment of the purchase-money should be secured, the owner will not be bound by the contract of the agent.

A person dealing with an agent having a limited authority is put upon inquiry to determine, whether the terms offered by the agent comply with the instructions, given by the principal to the agent, as to matters and details not covered by the authority to the agent.

APPEAL by the plaintiffs, Edward Michael and Arthur W. Hickman, from a judgment, entered in the office of the clerk of Erie county on the 12th day of December, 1890, in favor of the defendant, after a trial by the court at the Erie Circuit.

*A. Moot,* for the appellants.

*W. H. Cuddeback,* for the respondent.

DWIGHT, P. J.:

This was a bill in equity to obtain specific performance of an alleged contract of the defendant to convey land.

The contract declared upon was signed on the 21st day of April, 1890, in the name of the defendant, by one Hagan, for himself and one Wiser, under the firm name of Hagan & Wiser, as her agents. The question in the case is of the authority of the agents to sign such contract.

On the 17th day of April, 1890, the defendant, at the request of Hagan & Wiser, consented to employ them as her agents to sell the property in question, and as evidence of such employment executed to them a contract in writing, which was drawn by Hagan, and of which the following is a copy:

"BUFFALO, N. Y., *April* 17th, 1890.

"I, the undersigned, do hereby engage and authorize Christ. Hagan and Henry P. Wiser, of Buffalo, N. Y., my lawful authorized agents, for the purpose of selling my farm situated on Main street and Eley road, in the city of Buffalo and the town of Tonawanda and containing seventy-five acres, more or less, and I authorize them to sell the whole, but reserving the new dwelling built on said premises, with sixty feet front on Main street, going back to the back end of the barn, at the price of five hundred ($500) dollars per acre; and I further agree to pay said Hagan & Wiser a commission of two and one-half per cent on said purchase-price, and I further agree that any amount above five hundred dollars per acre paid for said premises is to go to said Hagan & Wiser in addition to the regular commission.

(Signed.)     "ANNA M. ELEY."

This, it will be observed, was a mere contract of employment to make a sale, fixing the compensation of the agents, but, beyond the price per acre, prescribing none of the terms upon which the sale was to be made. Clearly, in the absence of any other authority conferred upon the agents, this would be construed as authority, merely, to find a purchaser and refer him to the owner for the terms upon which the sale would be made. A mere special employment to effect a sale does not confer upon the agent the authority to agree with the purchaser upon any possible, or even reasonable, terms

which the agent may see fit to prescribe and the purchaser to accept. It is only a general agency evidenced either by a power of attorney or other writing to that effect, or by a course of dealing recognized and ratified by the principal, which, in the absence of express authority to agree upon the terms of sale, can confer such authority. In this case the court finds, by its second general finding of fact, that at the time the contract of employment was made, the only terms of sale fixed by the defendant, to be secured by the agents, were that $10,000 of the purchase-price was to be paid down, and that the purchaser should give back a mortgage for the balance payable in ten equal annual installments; and that the question of releasing lots upon being paid a portion of the purchase-price was left to be arranged between the purchaser and the defendant. By special findings of fact, in response to the request of the plaintiff, the court adds to the terms agreed upon by the defendant, with her agents, on the seventeenth of April, the stipulation that she would give a warranty deed to the purchaser of the land, and, on the twenty-first of April, that the interest on the mortgage should be payable semi-annually, and that the purchasers should have the privilege of paying, at any time, the sum of $1,000, and obtaining therefor a release of one acre of the mortgaged premises.

These, then, were the terms of sale which the agents were authorized to make in their contract with the purchaser of the defendant's land, and if we are correct in the application already made of the elementary doctrine of principal and agent to this case, they could not bind the defendant by any contract which did not comply in all substantial particulars with the terms thus imposed. Unquestionably a third person who deals with an agent, acting under special authority, is put upon inquiry as to the extent of that authority; and the principle is especially applicable in this case because, as the court has found at the request of the plaintiffs, they dealt with the agents of the defendant in making the contract in suit, with full knowledge of the written authority above set forth and relying thereupon. They knew, therefore, that the authority of the agents was special, and that the writing which conferred it specified none of the terms of sale beyond the price per acre of the land, and, therefore, that if the agents had authority to agree upon any further terms of sale, such authority must have been conferred by special instructions.

received by them from the defendant, and they were bound to inquire whether such instructions corresponded with the terms of the contract which the agents assumed to make with them.

The finding of the court that the contract so made, and for the specific performance of which this action is brought, did not conform to the terms of sale agreed upon by the defendant with her agents, is fully sustained by comparison of the contract with the terms prescribed by the defendant, as established by the unquestioned findings of the court. This lack of conformity appears in two very important particulars. The court finds, by its general and special findings, that the terms of sale prescribed by the plaintiff provided that for the balance of the purchase-price after the payment down of $10,000, a mortgage should be given by the purchasers, payable in ten equal annual installments, with interest semi-annually. Whereas the contract executed by her agents with the plaintiffs provides for a mortgage for such balance, " payable in ten years from the date thereof, with interest." That balance would have amounted to about $27,000, the payment of the whole of which, by the terms of the contract, would have been postponed for ten years, and no interest would have been payable till the expiration of that time.

The terms of sale embraced in the contract also differed from those prescribed by the contract in respect to provision for a release of portions of the property on receipt of partial payments on the mortgage. The latter provided definitely for the release of one acre of land on payment of each or any $1,000, while the contract, after stipulating for a mortgage payable in ten years from date, provided that it should contain " a clause permitting payments to be made sooner than the time fixed therein, in sums of not less than $1,000, and provided for an equitable release of parts of mortgaged premises commensurate with the amounts paid on said mortgage."

The important and radical character of these deviations of the contract from the terms of sale imposed by the defendant are too obvious to require remark, and in respect, especially, to the first of them, it is difficult to believe that the plaintiffs can have supposed that they were entering into a contract which was either authorized or would be ratified by the owner of the land.

Many other collateral, incidental and, in some cases unimportant,

matters are involved in the discussion of this appeal, and the court at Special Term indicates by its findings other grounds for its judgment, but we regard the ground here discussed as amply justifying the dismissal of the plaintiffs' complaint.

The judgment should be affirmed.

MACOMBER, J., concurred; LEWIS, J., not sitting.

Judgment appealed from affirmed, with costs.